### HOWELL v. HENDERSON.

(Supreme Court, Appellate Division, Second Department. November 30, 1897.)

NEGLIGENCE—DEFECTIVE SIDEWALK—KNOWLEDGE OF DEFENDANT.
In an action to recover damages for an injury to plaintiff caused by his slipping into an open hole in a board walk owned by defendant, and maintained under circumstances constituting an invitation to the public to use it, the evidence, and plaintiff's failure to deny certain testimony, fairly required the conclusion that some time prior to the accident the hole had been covered by a board nailed over it, and that the walk had remained safe while so covered; but there was a total failure to show that defendant was advised of the dangerous condition of the walk at the place in question, or that it had existed long enough before the accident to charge him with want of care for permitting it to so remain. *Held*, that defendant's motion to set aside the verdict for plaintiff as contrary to the evidence was properly granted.

Appeal from trial term, Kings county.

Action by Richard Howell against Henry N. Henderson. From an order granting a new trial on the merits, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

E. J. McCrossin, for appellant.
Almet F. Jenks and William E. C. Mayer, for respondent.

BRADLEY, J. The action was founded on the charge of negligence of the defendant, resulting in personal injury of the plaintiff. The jury rendered a verdict of $1,000 for the plaintiff. The motion to set it aside and for a new trial was made upon the grounds that the verdict was contrary to the evidence, and excessive. The motion was granted mainly on the ground that the verdict was against the evidence, as appears by the opinion of the court. The plaintiff, by slipping into a hole in a plank walk, received an injury to his leg. The walk was not in a public street, but it was about 30 feet in width, between two rows of buildings used for business purposes during the open season at Coney Island. The defendant was the owner at that place of buildings on one side, and John A. Cook owned buildings on the other side, of the walk, which was constructed and maintained by them, respectively, to the center of the walk, for the purpose of access by people to and from their places of business. The place where the plaintiff received his injury was on that side of the walk on the defendant's premises, and maintained by

him; and, if the plaintiff's injury was attributable solely to the negli·
gence of the defendant, he was liable.    The plaintiff, early in the
season, had rented of Mr. Cook a pavilion, in which he had a bicycle
school.    This pavilion was opposite the place where he was injured.
He testified that he had seen holes in the walk some time before, but
could not tell whether the one he stepped into was a hole he had seen,
and did not state that any one of those he had seen was on the defend-
ant's side of the walk.    This accident occurred on October 23, 1895.
Another witness on the part of the plaintiff testified that he saw this
hole five or six weeks before that time; that it was 2½ feet long and 4
inches in width.    Another witness testified that he saw the hole
about six weeks before the accident, and that it seemed to be a rotten
hole.    This constituted, substantially, the evidence on the part of the
plaintiff relating to the condition of the walk at that place.    On the
part of the defendant, the evidence of Mr. Cook, the plaintiff's landlord,
was that, at a time which might have been a few days or a few weeks
before the accident, the plaintiff called his attention to the hole in the
walk, and, on being asked by the witness whether he would not be
kind enough to nail a piece of board over it, said he would.    Another
witness, who was a carpenter in the employ of the defendant, testi-
fied that about a month before the accident he saw the hole, and was
then ordered to repair it; that he went there for that purpose, and,
when he got there, found that a board had been nailed over the hole;
that his duty was to look after the walk and keep it in repair; that he
went over the walk nearly every day (but, clearly, he was not on that
portion of the walk the day of the accident); and that he had not
observed that the board nailed over the hole did not remain there
until the morning following the occurrence in question, when he saw
that it was gone.    The evidence of both this witness and Cook was
that they then saw the nails sticking up in the plank there, where the
board had been nailed over the hole.    The defendant testified that his
attention was called to the hole some time before the accident; that he
ordered the carpenter, whose testimony is above referred to, to repair
it; that he afterwards saw that it was repaired by having a hardwood
board nailed over it; that within a week before the accident he saw
the board remaining over the hole; and that his attention was not
called to the fact that the cover had been removed from it.    He fur-
ther adds that he closed his business on the premises there that season
about the 15th of September, and that thereafter he was about there
two or three times a week, and less frequently than before the close
of the Coney Island season.    There is substantially no conflict in the
evidence, other than that relating to the condition of the plank at the
place where the hole was.    While some of the plaintiff's witnesses
say that it was rotten there, those on the part of the defendant testify
that the plank was sound, and that the hole was made by a piece being
split off.    This walk, constructed there, was an invitation to the pub-
lic to use it in going to the places of business on either side of it; and,
for the safety of travel upon it, the defendant assumed the duty of
keeping his side of it in suitable condition for the purpose.    When
the plaintiff rested, the evidence on his part was such as to make a
fair case for the jury.    But by the evidence on the part of the defend-

ant a somewhat different complexion was given to it. If this place in the walk was repaired and covered as the evidence tended to prove, it was thus rendered safe there until the board nailed over the hole was removed. The difficulty arises from the failure of proof to show when it was removed, or that it was removed a sufficient time before the accident to charge the defendant with notice of the exposed condition, and consequently with neglect for not repairing it. It may be said that the relation of the carpenter to the service of the defendant was such as to raise the question of his credibility for the consideration of the jury, and that, in view of the interest of the defendant, they might discredit his evidence. This may be assumed, except so far as their evidence was corroborated by that of other and disinterested witnesses, and by circumstances deemed reliable. The witness Cook, so far as appears, had no interest in the subject of the controversy. He says that, when his attention was called to the hole in the walk by the plaintiff, the latter, in response to his suggestive inquiry, said that he would nail a piece of board over the hole. The plaintiff neither denies that he had such an interview with Mr. Cook and made such promise, nor that he did nail a board over the hole. If such were not the fact, he knew it; and, in view of the evidence that was given, to the effect that a board was found there when the carpenter went to make the repairs, it is quite reasonable to suppose that he would, by his testimony, have so stated. Then the fact that a board may at some time have been nailed over the hole was indicated by the projecting nails appearing at that place in the plank on the morning after the occurrence. This is also an established fact. The conclusion, therefore, is fairly required that the hole had been covered by a board nailed over it, and that while it remained so covered the condition of the walk at that place was safe and suitable for travel upon it. And it would also reasonably follow that the time referred to by the witnesses on the part of the plaintiff as that when they saw the hole was before it was so covered.

The further question is, when was this board removed, or was the defendant chargeable with notice of its removal before the accident? This question does not appear to have been answered by any evidence. The plaintiff had the burden of showing that his misfortune was occasioned by the negligence of the defendant. And for that purpose he was required to give evidence to warrant the conclusion that the defendant was advised of the dangerous condition of the walk at the place in question before the accident, or that it had existed for such a length of time before then as to charge him with want of care for permitting it to so remain. This is not a fact for inference, but for affirmative evidence tending to prove it. There seems to be no evidence, fairly considered, for its support. For aught that appears, this board may have been removed from its place as a cover of the hole the very day of the accident, and shortly before it occurred. We recognize the rule, as suggested by the learned counsel for the plaintiff, that, where a fair question of fact is presented by evidence, its determination is for the jury, whatever view the court may have of the merits of the controversy on which the question arises, or of the preponderance of evidence, unless it be such as to evince that the ver-

dict was the result of passion, prejudice, or mistake, or other abuse of the power of the jury. In the view taken of the present case, the plaintiff failed to support the charge of negligence of the defendant by evidence sufficient to warrant a recovery. The order should therefore be affirmed. All concur.